BAUER *v.* EUDY.

5-3326                                    383 S. W. 2d 493

Opinion Delivered November 9, 1964.

*Swift & Alexander,* for appellant.

*Bruce Ivy,* for appellee.

CARLETON HARRIS, Chief Justice. Appellants are owners of certain farm lands in the Osceola District of Mississippi County, being known locally as the "Bauer Farm," and comprising approximately 1,000 acres. Since 1951, these lands have been rented to appellees J. O. Eudy and Bruce Eudy. Over this period of time, four separate lease contracts, each identical in content, have been entered into by the parties. The last such contract covered the period of time from January 1, 1959, through December 31, 1960. Appellants became dissatisfied with the manner in which the Eudys were operating the farm some time early in 1959, and testimony reflected that complaints had been made by A. F. Barham of Osceola, agent for Dr. Bauer, to the appellees by registered mail. On June 21, 1960, suit was instituted by appellants, it being alleged that the contract had been violated by appellees in several respects, and, *inter alia,* damages were sought. A general denial was filed by the Eudys, who likewise filed their cross complaint, asserting that appellants were indebted to them for certain repair work that had been done on the farm; judgment was also sought for fertilizer and defoliant, appellees contending that appellants were liable for a part of this cost.

At the conclusion of the trial, the court rendered an oral opinion, finding against appellants on their complaint, and likewise finding against appellee on certain of the repair items for which suit had been brought.[1] However, $700.00 of the amount claimed was allowed for the tearing down of a barn, and the building of a tractor shed in 1958; claim was also allowed for fertilizer in the sum of $203.47, together with interest. From the decree embodying these findings, appellants bring this appeal.

While the original complaint alleged various violations of the contract by appellees, the only alleged violation here relates to that portion of the contract under the heading, "Drainage Ditches." This provision reads as follows:

"The party or parties of the second part will permit no driving of vehicles in or across any of the farm ditches except at regular crossings or when cleaning said ditches. They will make, without cost to parties of the first part, such other farm ditches from time to time as may be necessary to properly drain said lands at all times.

"The party of the second part will also, between the first day of September and the fifteenth day of October in each year during the life of this contract cut and burn all weeds, grass, bushes, briars and other vegetation from said ditches, the banks thereof, and from all turn rows and margins of said lands.

"He will also keep all farm ditches upon said lands clear and free of drifts, slides, bars, weeds, grass, bushes, briars or other vegetation which may obstruct the free flow of water therein."

Whether appellees violated this provision is simply a question of fact, and we accordingly can see no useful purpose in setting out the testimony. Dr. Bauer, Ralph Ferguson, Jim Pittman and A. F. Barham all testified

[1] The total amount claimed for work in the cross complaint was $2,890.00, but the Chancellor found that $2,190.00 of this claim was barred by the Statute of Limitations; he also denied the claim for one-fourth of the cost of defoliant, since this was not contemplated under the contract.

for appellants by deposition. At the trial, C. H. Bond, Jr., testified orally, and Mr. Barham and Ferguson also testified orally. Six witnesses, including J. O. Eudy, testified for appellees, viz, Don Fletcher, Marcus Stovall, James Terry, Ralph Bowden and Roy Rounsavall. The testimony by appellant's witnesses was to the effect that appellees had not complied with the provisions of the contract, herein quoted; to the contrary, the testimony of the witnesses for appellees was to the effect that the provisions had been complied with. The testimony was rather positive on each side, and appellants admit that, under our holdings, "the chancellor is the best judge of the veracity of the witnesses, their demeanor and the weight of their testimony," but urge that, in the instant case, "the chancellor committed error in not finding that the rule of preponderance of evidence was carried by the plaintiffs [appellants] and their witnesses with reference to defendants' breach of contract." We cannot agree with this contention, for we are certainly unable to say, from the printed record before us, that the chancellor decided against the preponderance of the evidence.

The Chancellor allowed labor costs of $700.00 to appellees for tearing down a barn and building a tractor shed. The amount sought by appellees was $2,890.00, but the court held that all items were barred by the Statute of Limitations, except the $700.00 item (this work took place in 1958). Appellants point out that Mr. Eudy indicated that he would not have instituted this claim except for the fact that he was sued by appellants. Of course, this is really not pertinent to the claim itself. The fact that he had not originally planned to seek remuneration does not mean that he was not lawfully entitled to it. Appellants do not dispute that this work was done, though they stoutly contend that it was not done at their direction. Mr. Barham stated that the agreement was made between Eudy and Bauer. Bauer testified that he gave permission for the work to be done, but would not have done so had he known that he would be charged with the cost. Eudy testified that he obtained an esti-

mate from the Joiner Lumber Company as to the proper charge for tearing down the barn and putting up the shed, the estimate being $700.00 (such estimate being offered in evidence) ; that this amount was agreed upon. Appellants mention that no claim was asserted for this amount at the end of 1958 (at which time the old contract expired, and the new one was entered into). But we do not consider this fact controlling. We daresay that frequently, for reasons of friendship, promotion of harmony, or other valid reason, the holder of a claim fails to assert his claim or make demand for payment. The fact remains that the court found that the work had been done; that there had been an agreement to pay Eudy $700.00 for this particular labor, and we are unable to say that this finding was against the preponderance of the evidence.

With reference to the allowance of a portion of the cost of the fertilizer, the court found:

"In regard to the fertilizer, the court is convinced the fertilizer was used. It has been testified here $813.91 worth of fertilizer was used on the crops. One-fourth of that would be $203.47. The contract does state the amount of fertilizer and poison would have to be by agreement of the parties."

However, in its opinion, the court pointed out that in past years (under the same provision in the contract) fertilizer had been used, and the landlord had paid one-fourth of the cost. Further:

"The court also feels like the clause in the contract whereby the tenant agrees to farm the land in a good husbandlike manner, would cover the use of fertilizer."

We do not feel that appellants have established error.

Affirmed.